# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO PILLADO,<br>CDCR #64533,<br><br>                         Plaintiff,<br><br>vs.<br><br>GEORGE NEOTTI, et al.,<br><br>                        Defendants. | Civil No.   11-0204 LAB (WMc)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**[ECF No. 2]** |

On January 31, 2011, Plaintiff, a state inmate currently incarcerated at Centinela State Prison located in Imperial, California filed this action pursuant to § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP"). However, the Court denied Plaintiff's Motion to Proceed IFP because he failed to submit a certified copy of his inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2). *See* Feb. 14, 2011 Order at 2. Plaintiff was granted leave to file a new Motion to Proceed IFP and include a certified copy of his trust account statement. *Id.* On March 14, 2011, Plaintiff filed a new Motion to Proceed IFP but once again, failed to submit a certified copy of his trust account statement [ECF No. 4].

///

### I.   MOTION TO PROCEED IFP

As stated in the Court's previous Order, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "Under the PLRA [Prison Litigation Reform Act], all prisoners who file IFP civil actions must pay the full amount of the filing fee," regardless of whether the action is ultimately dismissed for any reason. *See Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002) (citing 28 U.S.C. § 1915(b)(1) & (2)).

In order to comply with the PLRA, prisoners seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint...." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *see Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a second Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ...without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added).

1  Without Plaintiff's trust account statement, the Court is simply unable to assess the
2 appropriate amount of the filing fee which is statutorily required to initiate the prosecution of
3 this action. *See* 28 U.S.C. § 1915(b)(1).

4 **II. CONCLUSION AND ORDER**

5  For the reasons set forth above, **IT IS ORDERED** that:

6  Plaintiff's Motion to Proceed IFP [ECF No. 4] is DENIED and the action is DISMISSED
7 without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).
8 DATED: April 26, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge